IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENGUIN RANDOM HOUSE LLC, d/b/a<br>The Crown Publishing Group,<br><br>   *Plaintiff*,<br><br>  v.<br><br>MCNICHOL PICTURES INC.,<br><br>   *Defendant*. | )<br>)<br>)<br>)<br>)<br>) Case No. 25-cv-9022<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Penguin Random House LLC ("PRH"), by and through undersigned counsel, alleges as follows:

## NATURE OF THE CASE

1. This is an action for breach of contract arising from the failure of Defendant McNichol, Inc. ("McNichol") to deliver a complete manuscript of the late Donald Sutherland's memoir by the contractually required deadline and refusal to return the $400,000 signing payment PRH paid at execution.

2. PRH seeks return of the $400,000 paid on signing, together with pre- and post-judgment interest and such additional damages as may be proven at trial.

## PARTIES AND JURISDICTION

3. PRH is a limited liability company whose sole members are PRH Publications LLC and PRH Holdings LLC. PRH Publications LLC is wholly owned by Bertelsmann Publishing Group, Inc. and PRH Holdings LLC; PRH Holdings LLC is wholly owned by Bertelsmann Publishing Group, Inc. PRH, PRH Publications LLC, PRH Holdings LLC, and

Bertelsmann Publishing Group, Inc. are all organized under the laws of Delaware, and all maintain their principal place of business at 1745 Broadway, New York, NY 10019.

4. McNichol is a corporation organized under the laws of Florida with its principal place of business in Florida.

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over McNichol because the agreement that governs this dispute identifies the state and federal courts located in New York County as the exclusive venue for the resolution of the parties' disputes, and McNichol has thus submitted to this Court's jurisdiction.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because PRH resides in this judicial District and a substantial part of the events or omissions giving rise to the claims occurred in this District, including PRH's negotiation and performance of the publishing agreement through its New York offices. Venue is also proper in this District under 28 U.S.C. § 1391(c) because McNichol is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

8. PRH is a leading U.S. trade-book publisher headquartered in New York. Through publishing divisions and imprints, including The Crown Publishing Group ("Crown"), PRH acquires, edits, and publishes nonfiction works such as memoirs and distributes those works nationwide and abroad.

9. On October 11, 2023, PRH, through Crown, and McNichol entered into a written publishing agreement (the "Agreement") for an untitled memoir by Donald Sutherland (the "Work").

10. Under the Agreement, PRH paid an advance against royalties totaling $1,250,000, including a $400,000 installment due on signing. McNichol agreed to deliver a complete manuscript satisfactory to PRH by January 15, 2024. The Agreement provides that if McNichol fails to deliver by the deadline (subject to any grace period or written extension), PRH may demand return of all sums previously paid in connection with the Work, whereupon rights revert and the Agreement terminates.

11. On March 15, 2024, McNichol's collaborator provided Crown a draft of the Work, and Crown's editor furnished detailed editorial feedback.

12. Donald Sutherland passed away on June 20, 2024.

13. On July 19, 2024, McNichol informed Crown that the draft was not approved by Mr. Sutherland's Estate. On August 28, 2024, Crown provided a revised draft to facilitate completion.

14. On November 22, 2024, after multiple unsuccessful attempts to engage McNichol and the project's agent, Crown set a final delivery deadline of December 10, 2024. No complete, acceptable manuscript was delivered by that date or thereafter.

15. On July 1, 2025, after the contractual deadline and any applicable grace period had lapsed without delivery, PRH formally demanded under the Agreement that McNichol return the $400,000 signing payment. To date, McNichol has not returned the funds.

## COUNT I
### (Breach of Contract)

16.   Plaintiff realleges and incorporates the above paragraphs in this Complaint as if fully set forth in this Count I.

17.   The Agreement is a valid and enforceable contract.

18.   PRH performed its obligations, including payment of the $400,000 signing installment.

19.   McNichol breached by failing to timely deliver a complete, satisfactory manuscript and by refusing to return the $400,000 after PRH's contractual demand.

20.   As a direct and proximate result of McNichol's breach, PRH has been damaged in an amount to be proven at trial, including at least $400,000, together with pre- and post-judgment interest and all other damages available at law.

## PRAYER FOR RELIEF

WHEREFORE, PRH prays that the Court:

1. Enter a judgment against McNichol in favor of PRH;
2. Award PRH compensatory damages in an amount to be proven at trial, but not less than $400,000 representing the signing payment to be returned under the Agreement;
3. Award PRH pre- and post-judgment interest;
4. Award PRH its attorneys' fees and costs;
5. Award PRH such other relief as the Court deems just and appropriate.

## JURY DEMAND

PRH demands a trial by jury on all issues so triable.

Date: October 30, 2025                      Respectfully submitted,

                                               AEGIS LAW GROUP LLP

By:   /s/ Serine R. Consolino
       Serine R. Consolino (SC0525)
       Sherry Xueer Yu (Bar #5884507)
       801 Pennsylvania Ave., N.W. – Ste. 740
       Washington, D.C. 20004
       Tel: (202) 706-7031
       Fax: (202) 735-5071

*Attorneys for Plaintiff Penguin Random House LLC*